# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0209, <u>State of New Hampshire v. Jason Nolan</u>, the court on March 17, 2016, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Jason Nolan, appeals his conviction, following a jury trial in Superior Court (<u>Anderson</u>, J.), on charges of aggravated felonious sexual assault. <u>See</u> RSA 632-A:2 (Supp. 2015). He argues that the trial court erred by: (1) allowing a physician to testify that he had no concerns that the victim, a child, may have been "coached"; (2) not striking the physician's "impression" that the victim had been sexually abused; (3) excluding the physician's testimony that he could not say whether the victim had been vaginally penetrated; and (4) denying the defendant's motion to set the verdict aside.

We first address whether the trial court erred by admitting testimony concerning whether the victim may have been "coached." At trial, the State introduced testimony from the physician concerning the signs he looks for to determine whether a child may have been "coached" to disclose an assault, over the defendant's objection that such testimony was an impermissible comment on the victim's credibility. The physician then testified, without objection, that he had no "specific concerns of coaching in this case." On appeal, the defendant argues that this testimony invaded the jury's province to assess the victim's credibility, and that, because he had not "opened the door" to it, its admission was erroneous. The State counters, in part, that any such error was harmless. We agree with the State that, even if the evidence was inadmissible, its admission here amounted to harmless error.

The erroneous admission of evidence is harmless only if the State proves, beyond a reasonable doubt, that the verdict was not affected by it. <u>State v. Cooper</u>, 168 N.H. 161, 165 (2015). "An error may be harmless beyond a reasonable doubt if the alternative evidence of the defendant's guilt is of an overwhelming nature, quantity, or weight, and if the inadmissible evidence is merely cumulative or inconsequential in relation to the strength of the State's evidence of guilt." <u>Id</u>. (quotation omitted). "The State bears the burden of proving that an error is harmless." <u>Id</u>. (quotation omitted).

In this case, the defendant was charged with penetrating the victim's genital opening, both digitally and with his penis. The victim testified in detail

concerning the assaults, which occurred on November 27, 2010.  On November 28, the victim disclosed the assaults and was examined by the physician.  She had discomfort during urination, and had an area of "redness that looked to be traumatic in origin" around the urinary opening and "on either side of [it], but inside the labia minora."  According to the physician, the redness appeared to have been caused by "something rubbing, causing friction on that area," and was the kind of injury that typically heals within twelve to forty-eight hours.  The physician testified that the injury was "very consistent with" the victim's description of the assaults.

The victim also described feeling "wetness" during the assaults.  Consistent with this testimony, the State introduced evidence that a fitted sheet that it had seized from the twin bed, on which the assaults had occurred, four days after they had occurred contained the defendant's semen.  The bed was used by children.  Although the defendant testified at trial that he and his then-girlfriend had engaged in sex on that bed, that testimony was impeached by statements that he made during an interview with the detective.  He initially denied to the detective, when she confronted him with this evidence, that he and his girlfriend had had sex on that bed or that the semen was his.  Although at some point during that interview, the defendant told the detective that he and his girlfriend had had sex "everywhere in that house," he denied that they had done so during the weekend that the assaults occurred.  Moreover, he never told the detective that he and his girlfriend had had sex on the twin bed, and he denied throughout the interview that there was any way his semen could have gotten on the sheet.

We conclude that the evidence of the defendant's guilt was overwhelming, and that the physician's testimony concerning whether the victim showed signs that she had been coached was inconsequential in relation to the overwhelming strength of the State's evidence of guilt.  Id.

We next address whether the trial court erred by not striking the physician's testimony that his "impression" was that the victim had been sexually abused.  After the physician testified that he had no specific concerns that the victim had been "coached," he testified that his "impression was that the [victim] had been sexually abused."  On appeal, the defendant argues that this testimony constituted impermissible vouching for the victim's credibility.  He raises this issue as plain error.  See Sup. Ct. R. 16-A.

Under the plain error rule, we have discretion to correct errors that were not raised in the trial court.  State v. Mueller, 166 N.H. 65, 68 (2014).  The rule "is used sparingly, however, and is limited to those circumstances in which a miscarriage of justice would otherwise result."  Id. (quotation omitted).  For there to be plain error: (1) there must be an error; (2) the error must be plain;

(3) the error must affect substantial rights; and (4) the error must seriously affect the fairness, integrity, or reputation of judicial proceedings.  Id.

The third prong of the plain error test – whether the error affects substantial rights – concerns whether the error affected the outcome of the case.  Id. at 70.  It "is similar to the harmless error analysis we use to evaluate preserved claims of error, with one important distinction: whereas the State bears the burden under harmless error analysis, the defendant bears the burden under the plain error test."  Id.  We will find that an error affected substantial rights "when we cannot confidently state that the jury would have returned the same verdict in the absence of the error."  Id.

In this case, even if we were to assume that the trial court plainly erred by not striking the physician's testimony concerning his "impression" that the victim had been sexually abused, the defendant has not established that the error affected the outcome of the case.  The defendant argues that the evidence of guilt was not overwhelming because he disputed the allegations both to the police and at trial, and because he explained how his semen could have gotten on the fitted sheet.  However, as noted above, the defendant's explanation how his semen could have been on the fitted sheet was inconsistent with what he initially told the detective.  Moreover, the presence of the defendant's semen on the fitted sheet and the evidence of injury to the victim's genital area were consistent with the victim's description of the assaults.  Because the evidence of the defendant's guilt was overwhelming, we are confident that the jury would have returned the same verdict even if the physician had not testified to his "impression" that the victim had been sexually abused.  Id.

We next address whether the trial court erred by excluding the physician's testimony that he could not say whether the victim had been vaginally penetrated.  We defer to the trial court's evidentiary rulings, and will not overturn such a ruling absent an unsustainable exercise of discretion.  State v. Lisasuain, 167 N.H. 719, 725 (2015).  To establish that the trial court unsustainably exercised its discretion, the defendant must show that its ruling was clearly untenable or unreasonable to the prejudice of his case.  Id.

The defendant was charged with penetrating the victim's "genital openings."  "Genital openings" is defined for purposes of RSA 632-A:2 to include "the internal or external genitalia including, but not limited to, the vagina, labia majora, labia minora, vulva, urethra or perineum."  RSA 632-A:1, I-b (Supp. 2015).  "Sexual penetration" encompasses "[a]ny intrusion, however slight, of any part of the actor's body . . . into genital . . . openings of the victim's body."  RSA 632-A:1, V(a)(5) (Supp. 2015).

At trial, the victim testified that the defendant placed his finger and penis in her "ladybug," which she described as the part of her body that she uses

"[t]o go pee." When she initially disclosed the assaults to the physician, the victim told him that the defendant had put his finger in her "pee hole," and that he had contacted her "near her private parts" with his penis. She did not, however, indicate that the defendant had penetrated her vagina. The physician examined the victim's hymen, and determined that it was normal.

On cross-examination, the defendant asked the physician where the hymen was located relative to the vagina, and he responded that "the vagina would be inside the hymen." The defendant then asked whether he could "say to a reasonable degree of scientific certainty that there was any penetration of the inner vaginal area." The State objected on relevance grounds, arguing that it was not asserting, and did not need to prove, "that there was penetration of the inner vaginal area." The trial court sustained the objection.

On appeal, the defendant argues that, because the jury could have convicted the defendant if it had found that he had penetrated the victim's vaginal area, and because the victim's testimony "was ambiguous as to what structure had been penetrated," the trial court unsustainably exercised its discretion by limiting the physician's testimony. We disagree.

The physician agreed that the victim had not indicated that the defendant had penetrated her vagina, and testified that her hymen was normal. During its closing argument, the State emphasized that the victim had not said that the defendant had penetrated her vagina, that its theory was that the defendant had penetrated the outer genital area, and that focusing on vaginal penetration "would be a distraction." Under these circumstances, we cannot say that the trial court's ruling was clearly untenable or unreasonable to the prejudice of the defendant's case. Id.

Finally, we address whether the trial court erred by denying the defendant's motion to set the verdict aside based upon newly discovered evidence.

> To prevail upon a motion for a new trial based upon newly discovered evidence, the defendant must show: (1) that he was not at fault for failing to discover the evidence at the time of his trial; (2) the evidence is admissible, material to the merits, and not cumulative; and (3) the evidence is of such a character that a different result would probably be reached in another trial.

State v. Pennock, 168 N.H. ___, ___, 127 A.3d 672, 688 (2015). "We will sustain the trial court's decision [on a motion for a new trial based upon newly-discovered evidence] unless it is clearly unreasonable." Id.

4

We have reviewed the trial court's order on the motion to set aside based upon newly discovered evidence and the parties' arguments, and we conclude that the trial court's decision on the motion was not clearly unreasonable.

<u>Affirmed</u>.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**